IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 0 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02660-BNB

DAVID ANDREW SCHLENKERT,

Applicant,

v.

BLAKE DAVIS,

Respondent.

## ORDER OF DISMISSAL

Applicant, David Andrew Schlenkert, is a prisoner in the custody of the United

States Bureau of Prisons (BOP) who currently is incarcerated at the Federal

Correctional Institution in Englewood, Colorado. Mr. Schlenkert initiated this action by

filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In an order filed on January 16, 2009, Magistrate Judge Boyd N. Boland ordered

Respondent to file a preliminary response to the habeas corpus application and

address the affirmative defense of exhaustion of administrative remedies. On February

5, 2009, Respondent filed a preliminary response. On February 12, 2009, Applicant

filed a reply.

The Court must construe Mr. Schlenkert's application and reply liberally because

he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

a **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Schlenkert currently is serving an eighty-four-month sentence in the BOP. His projected release date is January 8, 2010. He contends that the BOP's decision to deny him twelve months' placement in a community corrections facility is an abuse of discretion. As relief, he asks for a decision as to whether the BOP is using the correct law to decide his community corrections placement in accordance with the Second Chance Act. He concedes that he has not exhausted his administrative remedies. He contends that exhaustion is futile.

In the Preliminary Response, Respondent argues that Mr. Schlenkert has failed to exhaust BOP administrative remedies and, therefore, cannot know whether his efforts to exhaust would be futile. This Court agrees.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986); **see also Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Schlenkert's speculation that exhaustion would be futile does not excuse the required exhaustion process. He has not shown affirmatively that exhausting BOP remedies would be useless. **See Clonce v. Presley**, 640 F.2d 271, 273 (10th Cir. 1981).

The BOP administrative remedy program is available to federal prisoners such as Mr. Schlenkert. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). To exhaust administrative

2

remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention, and the action is dismissed.

DATED at Denver, Colorado, this 20 day of _____ March _____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02660-BNB

David Andrew Schlenkert
Reg. No. 91911-029
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

Marc Bonora
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/20/09

GREGORY C. LANGHAM, CLERK

By:_____
                           Deputy Clerk